NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 5 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GAUDENCIO PACHECO-DOMINGUEZ, Petitioner, v. PAMELA BONDI, Attorney General, Respondent. | No. 20-73637 Agency No. A201-034-223 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 2, 2026[**]
Phoenix, Arizona

Before: CALLAHAN, OWENS, and FRIEDLAND, Circuit Judges.

Gaudencio Pacheco-Dominguez ("Pacheco"), a native and citizen of
Mexico, petitions for review of the Board of Immigration Appeals' dismissal of his
appeal of an immigration judge's denial of cancellation of removal. As the parties
are familiar with the facts, we do not recount them here. We dismiss the petition

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

for lack of jurisdiction.

Our jurisdiction to review final orders of removal extends only to "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(D). For cancellation-of-removal decisions, while we may review "the application of the statutory 'exception and extremely unusual hardship' standard to a given set of facts," we lack "jurisdiction to review a factual question raised in an application for discretionary relief." *Wilkinson v. Garland*, 601 U.S. 209, 221–22 (2024).

Here, Pacheco makes a factual argument over which we lack jurisdiction. Pacheco frames his argument in legal terms by alleging the agency failed to consider the hardship on his children if they were to remain in the United States. But this is not "a legal error in understanding the meaning of 'exceptional and extremely unusual hardship.'" *Figueroa v. Mukasey*, 543 F.3d 487, 495 (9th Cir. 2008) (citation omitted), *impliedly overruled on other grounds in Abebe v. Mukasey*, 554 F.3d 1203 (9th Cir. 2009) (en banc). Rather, Pacheco contests the agency's factual finding that his children would follow him to Mexico if he were removed from the United States.

Because we lack jurisdiction to review factual questions, we dismiss the petition for review. As such, we also decline to address Pacheco's arguments about exhaustion and about the appropriate legal standard for the hardship determination.

2

**PETITION FOR REVIEW DISMISSED**.